NEW-YORK,
May, 1830.

Hyde
v.
Hyde.

SILAS HYDE, guardian, &c. *vs.* ROSANNA HYDE, widow, &c.

On a proceeding before a *surrogate* for the appointment of admeasurers of *dower*, an inquiry whether a settlement has been made by the husband *in lieu of dower* cannot be gone into : if there be a defence to the widow's claim of dower, it must be set up when she brings her action for the recovery of the part assigned to her,

Admeasurers of dower, in ascertaining the part to be assigned to the widow, are not authorized to make any deduction in consequence of any conveyance of land made by the husband to the wife during marriage.

On appeal to this court, only the regularity and fairness of the proceedings are examined into.

APPEAL from proceedings before a surrogate on admeasurement of dower. The husband of the widow died seised of 440 acres of land, of which 125 acres were assigned to her by the admeasurers appointed on her petition by the surrogate of Wayne county. On the hearing before the surrogate, it was shewn on the part of the infant heirs of the deceased, that long after the marriage, the deceased and his wife joined in a conveyance of 75 acres of land *in fee* to the brothers of the wife, who, on the same day, re-conveyed the land to the wife ; and it was objected that such conveyance *barred the widow of her dower*. To prove that such was the intent of the parties, sundry writings simultaneously executed with the conveyance were produced, and witnesses were examined as well to shew the object of the conveyance as that the property conveyed was a reasonable support to the widow in her circumstances and condition of life. At the time of the conveyance of the 75 acres, which was in 1820, the husband and wife agreed to live apart. They however lived together three fourths of the time until the death of the husband, which happened in 1828 ; in the mean time having repeat-

edly separated. The day before his death, the husband made his will, and by it gave to his "beloved" wife $50 "over and above the dower which has heretofore been conveyed to her," as expressed in the same ; and then, after sundry pecuniary bequests, gave all his property to his three sons, to be equally divided between them. The surrogate overruled the objection, and the admeasurers were appointed, who performed the duty assigned them. The guardian of the heirs appealed to this court.

*B. Whiting,* for appellant, insisted that the widow was not entitled to dower, having received a jointure during coverture. (1 R. L. 58, 9, § 8, 9. 4 Dane's Abr. 672, § 45.) A jointure settled on a wife is a bar to dower, especially if it be a competent livelihood. (*Earl of Buckingham and others* v. *Drury,* 3 Bro. P. C. 492.) The surrogate erred in awarding dower to the widow without reference to the conveyance which had been made to her.

*W. H. Adams,* for respondent. This court will not interfere with the proceedings before the the surrogate, if their regularity and fairness are not impeached. If there be a legal or equitable bar to the right of dower, it may be set up when the respondent shall bring her action to recover possession of the lands assigned to her. (9 Johns. R. 245. 5 Cowen, 299.) The appellant should have applied for a feigned issue or some other proceeding to try the respondent's right to dower, if he intended to call such right in question. (10 Johns. R. 368.)

*By the Court,* MARCY, J. The only question presented by this appeal is whether the *post nuptial* provision made by the husband for his wife was intended to be in lieu of dower, This, as I understand the law, was not a question to be settled by the surrogate, and consequently not to be raised and determined on this appeal. The proceedings before the surrogate *assume* that the widow is entitled to dower out of the lands in question. She does not get possession by the agency of the admeasurers ; but if what is assigned to her by them is not quietly yielded up she must resort to her aection.

NEW-YORK,<br>May, 1830.<br>Hyde<br>v.<br>Hyde.

Those who oppose her claim have not their rights compromitted by the procedings before the surrogate. In defence to her action, they can show, and that is the proper time for doing it, that she has no right to be endowed of the lands which she seeks to recover.

The review here of the proceedings of the surrogate looks only to the regularity and fairness of what has been done by him and the admeasurers, on the assumption that the widow has a right to dower. We have nothing to do now with the question whether she is barred of his right by the the provision made for her by her husband in 1820. The cases *Ex parte Martha Watkins*, (9 Johns. R. 245,) *Jackson, ex dem. Clarke,* v. *Randall,* (5 Cowen, 168,) and *Jackson, ex dem. Sitzer,* v. *Waltermire,* (5 id. 299,) are decisive authorities on this point.

The notion that what the widow received from her husbands, if it was not to be in lieu of dower, ought to have been taken into consideration by the admeasurers, and should have so far diminished the amount designated by them that both parcels, viz. that which she received from her husband, and that admeasurered to her, should not have exceeded her *pars rationabile*, does not not seem to have any countenance from authority, although its application in some cases, and probably in this, considered in an equitable point of view, might not produce effects to be regretted. If the provision made for the claimant in this case did not operate as a bar to her whole dower in the lands of which her husband died seised, I know of no principle by which it can be adjudged to bar any rateable proportion of it.

Proceedings of the surrogate affirmed.