## PARKS *vs.* HARDEY.

*In the matter of admeasurement of dower in the estate of*
JAMES PARKS, *deceased.*

IN proceedings before the Surrogate for the admeasurement of dower, it is not
competent for the parties interested in the land to contest the widow's title.
The admeasurement when completed is binding and conclusive only as to
the location and extent of the dower-right, and does not preclude any person
from controverting the title to dower, when the same shall be sought to be
enforced at law.

After admeasurement, the widow may bring ejectment, when the validity of her
claim to any dower, the title of her husband, his seisin and her marriage,
may all be controverted, and tried, notwithstanding the admeasurement.

Where the premises consist of a single lot and building, there seems to be no
objection, with the widow's consent, to set apart particular rooms, with the
use of the halls and passages so as to secure ingress and egress.

If alienation of the lands be made by the husband, dower must be admea-
sured according to the value of the property at the time of alienation.

ALANSON NASH, *for Widow.*

T. J. GLOVER, *for Contestant.*

I. The proceedings in admeasurement are binding as to the
*location* and *extent* of the widow's right. But no person is
precluded thereby from controverting the right and title of
such widow to the dower so admeasured. (2 *R. S.*, 491,
§ 17 [18] ).

II. As to the location and extent of the admeasurement,
we insist,

1. That James Parks, the husband, having derived from
his father's will only an undivided *half* of the lot in question,
the admeasurement should be ordered only in an undivided
half part, and not in the whole as prayed in the petition.

The will of James Parks the elder is on record in the Surrogate's office, and establishes the fact.

2. James Parks the younger, the husband of the petitioner, having died in 1815, and his children having duly conveyed the premises under decree of the Court of Chancery by deed dated April 19, 1816, the petitioner is entitled, if at all, only to one-third of the value at *the time of the alienation.* (*Walker* vs. *Schuyler*, 10 *Wend.*, 483; 4 *Wend.*, 670; 2 *Hill*, 347; 2 *R. S.*, 488).

THE SURROGATE.—The petitioner having applied to this court for an admeasurement of her dower in certain premises situated in this city, of which she claims her husband was seised in fee at the time of his death, the party in possession contests the title of the petitioner's husband. I think the law is very clear that a plea of this character cannot be entertained by this court. It could not have been the intention of the legislature to allow the title to be litigated in the Surrogate's Court, and at the same time to provide, as has been done, that the admeasurement when made and confirmed shall be " binding and conclusive" upon the parties " as to the location and extent of the said widow's right of dower," but that " no person shall be precluded thereby from controverting the right and title of such widow to the dower so admeasured." It would be a mere empty jurisdiction to try the title in the Surrogate's Court, if when the decision was made, it precluded no person from controverting the title so tried and adjudicated. Besides, the statute manifestly contemplates, after the dower has been admeasured, the establishment of the " right and title" in the courts of law, for it proceeds to give the widow an action of ejectment to recover possession of the lands admeasured, in which action it is expressly declared " her right to such dower may be controverted." Thus it seems to me very clear that the Surrogate's decree is only conclusive as to the admeasurement and location of the dower, and if not reversed on

appeal so binds all the parties that the location cannot afterwards be objected to, if the widow seek to recover possession by ejectment. But the validity of her claim to any dower, the title of her husband, his seisin and her marriage may all be questioned in ejectment, notwithstanding the admeasurement. The statute is explicit, and there can be no doubt on this point. It would be worse than useless then, to allow such a contest to be carried on before me. Even if I were satisfied the widow had no title, I should grant the admeasurement, in order to enable her to prosecute her claim with proper advantage in a court competent to determine it. I understand this to be the doctrine uniformly sustained by judicial decision in this state. In the proceedings before the Surrogate for the admeasurement of dower, the widow's title is to be assumed, and if there be a defence, it must be set up when she brings her action for the recovery of the part assigned to her. (*Hyde* vs. *Hyde*, 4 *Wend.*, 630, *and cases there cited.*)

In the present case, it is insisted by the party claiming to be owner of the premises, that the widow's husband was seised only of an undivided half of the land, and that admeasurement should be made in accordance with that fact. My answer is that it must depend upon the widow's option whether she shall have admeasurement of the whole or the half of the premises. That is a question of title, and must be tried elsewhere. If she insists upon admeasurement of dower in the entire lot, in the expectation of establishing her husband's seisin in the whole, she is entitled to the admeasurement accordingly. The premises being a single lot and building, there might be some difficulty in readily adjusting the dower right, but with the widow's consent, there seems to be no objection to setting apart particular rooms, with the use of the halls and passages, so as to secure ingress and egress. (*White* vs. *Story*, 2 *Hill*, 543).

It is alleged by the owner that the widow's husband aliened the land, and upon this allegation is grounded a claim that the admeasurement should be made with reference

to the value of the premises at the time of the alienation. In *Walker* vs. *Schuyler*, 10 *Wend.*, 481, it was held that the dower to which the widow is entitled in lands sold by the husband during marriage, is one-third of the value at the time of the alienation, and no more. This was the rule before the Revised Statutes, and it has been so held since. Chancellor Kent questions its correctness, so far as relates to the increased value of the land irrespective of the improvements made subsequent to the sale, (*Com.*, 4, *p.* 64–70) ; but the doctrine seems too well established in this State to be disturbed. (*See Humphrey* vs. *Phinney*, 2 *Johns. R.*, 484 ; *Dorchester* vs. *Coventry*, 11 *Ib.*, 510 ; *Shaw* vs. *White*, 13 *Ib.*, 179 ; *and Wheeler* vs. *Schuyler*, *supra*). If an alienation by the husband be proved, therefore, there must be an admeasurement of the dower according to the value of the premises at the time of the conveyance.