Brady, J.
A widow may proceed in the first instance to establish her title by action, and obtain an ad-measurement of her dower in the same proceeding, or she may secure an admeasurement of her dower by petition, and then proceed by action to recover the possession of the part assigned her (2 Rev. Stat., 488, 303, 311, *270 491; Ellicott v. Mosier, 3 Sel., 301; Brown v. Brown, 31 How. Pr., 481).
When the proceeding is by petition, it is binding and conclusive only as to the location and extent of the widow’s right (2 Rev. Stat., 491, § 17).
It is no evidence of title, and no person is precluded from controverting the right of such widow to the dower so admeasured (2 Rev. Stat., 491; Parks v. Handey, 4 Bradf., 15).
It is otherwise, however, when the widow proceeds by action. It is conclusive upon all parties who have been brought in ; and if all the parties necessary to a complete determination are present, the judgment is absolute.
The proceeding herein commenced is not by petition, but by summons and complaint; and this is, therefore, an action. This being apparent, it is incumbent on the plaintiff to show that all the necessary proceedings in such an action have been adopted in order to sustain the judgment rendered. It does not appear that any- proof of title was given or rendered, that any proof whatever was exhibited of the truth of the allegations made in the complaint. It is true, that the adult defendants did not answer or demur, but the infant defendant answered by his guardian, alleging that he was a stranger to all and. singular the matters and things in the complaint set forth, and submitted his rights' and interest in the matters in question to the protection of the court. The only proof given upon the application for relief was this complaint, and the affidavit of the plaintiff’s attorney in reference to the service of the papers in the cause, and of the failure of the defendants to answer. This is wholly insufficient to warrant a judgment, although it was enough to justify an order of reference to ascertain the facts. There was no evidence, therefore, other than the complaint,- of the averment that the plaintiff was the per *271 son she claimed to be, or that her husband died seized of the property in question, which are matters of moment to the purchaser at any sale that might be ordered. The Code does not authorize a judgment upon a complaint verified, except in an action for the recovery of money only, while in other actions application must be made to the court for judgment (Code, § 246). There is no other statute which allows a departure in this respect from established rules, and the proof was therefore insufficient.
The theory upon which the plaintiff seeks, however, to sustain the validity of the judgment herein pronounced, is that it is awarded by the act of 1870 (2 Laws of 1870, ch. 717, p. 1730), authorizing the sale of real estate in which any widow shall be entitled to dower, in satisfaction and discharge thereof. It is supposed, by her counsel, that the provisions of that act dispense with any other proof than that given, it being necessary only to satisfy the court of the facts alleged in the complaint itself, if that be accepted. This view cannot be sanctioned. The act contemplates and applies to an action then pending or to be brought, and there is nothing in it which expressly or by implication dispenses with the usual and ordinary elements of an action at law or in equity.
It enlarges the remedy by providing for the sale of the real estate, but nothing more. The legislature, in passing it, had apparently no other object or design in view. It does not establish, except in that respect, any mode of procedure or result other than those existing when it was passed. It is provided, it is true, by the first section, that if the court shall be satisfied that a portion of such real estate mentioned cannot be ad-measured and laid off as the dower of the widow in the whole of the real estate without material injury to the interest of the parties or some of them, a sale may be ordered. This provision, it will be seen, relates only *272 to the decree of sale after the court shall be satisfied that the real estate cannot be admeasured; and assuming that the court was justified in decreeing, upon the complaint and affidavit of the plaintiff’s attorney, the sale for that reason, it did not authorize an assumption without proof that the plaintiff was the widow as claimed, or that her husband died seized of the estate described, or that the persons named as defendants were the only heirs at law. A court can only be satisfied by proof, that is, legal proof, recognized as such by the rules of the common law or those prescribed by the statute. There is, as we have seen, no authority for a judgment by default in a case like this without proof of the material facts, and the courts do not proceed without it, especially where the interests of infants are involved who depend upon its protection.
I have given this matter thorough examination, and am satisfied that there is nothing in the statute of 1870 which warrants a departure from the established modes of procedure in actions, and that there is, therefore, no proof to sustain the judgment' entered herein.
The purchaser is, for these reasons, not bound to complete, and the motion must be denied.