Bradley, J.
Action to foreclose a mortgage made by the defendant, John W. Zimmerman, to the plaintiff to secure the payment of $1,000, bearing date February 3, 1876, and recorded October 3, 1879, covering land described as three parcels of twenty-five acres, one-fourth of an acre and eighty-one and a half acres, making together one hundred, six and three-fourths acres.
The defendant Hunt was grantee in a warranty deed made by John W. Zimmerman and his wife, of date December 17, 1877, and recorded December 22,1877, of the eighty-one and a half acres before mentioned, and by its terms was made subject to a mortgage of $2,000 to the National Savings Bank of Buffalo, and to two other mortgages of $1,000 each, made by the party of the first part to the plaintiff and John W. Zimmerman, Jr., “All of which the part of second party is to assume and pay.” The trial court found that, in October, 1877, the defendant, John W. Zimmerman, being indebted to the defendant several hundred dollars, requested him to take from him a conveyance of the land subject to the savings bank mortgage, and a mortgage on which was unpaid $1,331, held by Bickford & Salisbury; that Hunt should sell the premises,cand with the amount he should realize from the sale over those two mortgages last mentioned, he should first pay such indebtedness to himself and account to Zimmerman, the grantor, or his wife, for the residue of such proceeds; that Hunt assented to such request, and agreed to take the conveyance with that understanding; that the deed to Hunt was made and recorded without his knowledge; that the first time his attention was called to the deed was about the 1st of February, 1878, when it was exhibited to him by the grantor, and, seeing that by its terms it was subject to the mortgages to the plaintiff and Zimmerman, Jr., which was the first he had any information of them, Hunt declined to accept the deed; that, thereupon, the grantor stated to him that those mortgages amounted to nothing, had been destroyed and he could get them discharged; that afterwards, about February 21, 1878, the grantor again presented to Hunt the deed, and with it an instrument executed by the plaintiff as follows:
“Received, Clarence, February 21_, 1878, of Garret B. Hunt, one dollar, it being in full satisfaction of a certain mortgage executed by John W. Zimmerman to me, being the same mortgage described in a certain deed of conveyance given by John W. Zimmerman to Garret B. Hunt, and recorded in Erie county clerk’s office on the 22d day of December, 1877, in liber 368 of deeds, at page 275.
“GEO. R. ZIMMERMAN.”
*780 And that Hunt, believing the mortgage was discharged, accepted the deed pursuant to the request of and the understanding with the grantor before mentioned. And that Hunt shortly after, by warranty deed subject only to the savings bank mortgage, and that held by Bickford and Salisbury, conveyed the premises to one Seibert, and after-wards accounted to the grantor for the proceeds of sale and settled with him. There is some conflict of evidence in respect to some of the facts so found, but the evidence on the part of the defendant is sufficient to warrant and support those findings of the trial court. The purpose of the arrangement under which the deed was made was as between the grantor and grantee, to vest m the latter the apparent title with a view to the execution of the powder of sale and trust expressed in the understanding of the parties. This was by parol, and as a matter of trust and confidence was within the statute and void. Rathbun v. Rathbun, 6 Barb.. 98, 105-6. But the parties to the deed having accomplished the purpose of it, by a complete execution and adjustment of the matter of the trust, pursuant to the parol agreement as contemplated by it, the question of its validity has no importance.
The defendant Hunt having declined to accept the deed subject to the plaintiff’s mortgage, and being afterwards induced to do so on the production of the receipt and discharge made by the plaintiff, the latter, in view of the facts as found by the court, was estopped from afterwards asserting his mortgage to the prejudice of Hunt, who had acted upon the faith of it. Curtiss v. Tripp, Clarke, 318; Wood v. Seely, 32 N. Y., 105; Cont'l Nat. Bank v. Nat. Bank, 50 N. Y., 575.
It was a representation that the mortgage was satisfied and not then a lien upon the property, and thus the defendant was permitted to understand that the deed when accepted by him was relieved from the effect of the provision expressed in it, that it was subject to this mortgage. And it was competent for the defendant to prove the request of his grantor, and the arrangement under which he consented to take a conveyance, and the circumstances of his refusal to accept the deed as it was drawn, and those under which he did accept it with a view to the question of estoppel arising out of the production of the instrument made by the plaintiff.
And this was the only reason which rendered the evidence of the subsequent accounting and settlement with the grantor competent. The defendant Hunt having conveyed with warranty to Seibert, accounted to his grantor for the proceeds of the sale in execution of the trust before he was advised that the plaintiff made any claim upon his *781 mortgage. And, therefore, such claim could not, after that time, be effectually asserted without prejudice to Hunt.
This situation was important for the defense so far as it ■ rested upon the ground of estoppel, which was a question upon the proofs that rendered this evidence of accounting and settlement competent, and it supported the conclusion of the court in that respect.
The exception to the reception in evidence of the receipt made by the plaintiff was at the time well taken, because the certificate of proof of its execution by the person purporting to have been a subscribing witness did not contain the requisites of a certificate for such purpose, but the exception was overcome by evidence afterwards introduced tending to prove that the signature subscribed to the receipt was that of the plaintiff.
This was a disputed fact, but the evidence was such as to support the finding of the court that the plaintiff made it, resting on the proof of his handwriting, although denied by him. The denials going to the existing validity of the mortgage as security were made upon the information and belief of the defendant.
The contention of the plaintiff’s counsel that this method of denial was not sufficient to present an issue within the meaning of the Code (§§ 500, 522) is not supported. Wood v. Raydure, 39 Hun, 144. That question, however, does not seem to be very important in this case. The trial court has not found that the plaintiff’s mortgage was in fact paid, but did find that at the time it was made the mortgagor was indebted to the plaintiff in some amount not exceeding four hundred and fifty dollars, and that no part of it has been paid. In view of the findings as made, the success of the defense of Hunt must stand upon estoppel alone. The court has not found as a fact that the plaintiff’s mortgage was paid or discharged, or was for any cause invalid, but as conclusion of law has determined that the mortgage is not a lien upon the lands described in it or any part thereof. The conclusion does not seem to be supported by the facts within the issues and found, except as to the land covered by the deed to Hunt. And so far as shown by the record, no other defendant appeared or answered.
It appears, and the court has found that by deed of date October 12, 1877, John W. Zimmerman conveyed the twenty-five acres of land in the mortgage mentioned, to one Kelkenberg, who purchased and paid $1,250 for it to Hunt, who accounted for it to the grantor, and that at the time of the purchase Kelkenberg was ignorant of the existence of the plaintiff’s mortgage. It seems that the defendant Hunt gave to Kelkenberg his undertaking under *782 seal of date November 20, 1577, reciting the conveyance to-him. of the twenty-five acres and the payment of the consideration by him to Hunt, and containing the covenant of the latter to defend him, in the peaceable possession, against any person lawfully claiming the same or any part thereof. There is no reference, in the answer of Hunt, to this conveyance to Kelkenberg or to the covenant referred to.
The alleged defense relates solely to the title derived from the deed given to him of the eighty-one and a half acres, of which the twenty-five acres conveyed to Kelkenberg constitute no part. Kelkenberg does not defend. And it is not seen how the decision of the court can properly determine matters not within the issues presented by the pleadings, and as to parties who do not appear, and as to whom no defense is alleged. In view of the relation, incidentally made to appear by the evidence, which Hunt assumed by his covenant, collateral to the conveyance by Zimmerman to Kelkenberg, he would have the right to appear and defend for the latter, and might for his own protection be required to do so upon receiving from him a notice that the action was commenced against him, and a request to defend it. And it may be that a defense could be effectually made in his behalf upon the ground that he was a purchaser in good faith, without any notice of the unrecorded mortgage to the plaintiff, but the finding to that effect in this action is not within any issue made by the answer. The defendant Hunt does not assume to appear and answer for Kelkenberg, nor is there any reference in the answer to any facts which would permit him to defend for that defendant.
We are to deal only with the issues presented and tried, and the decision of the court is legitimate only so far as it treats and disposes of those issues. The defaults of parties defendant, if there are any, are to be treated as such. We have nothing to do with them on this appeal. They are to be disposed of at special term on proper application. And if any party in default desires to open it and defend, the application for that purpose can properly be made there.
No other question seems to require the expression of consideration.
We think the complaint was improperly dismissed as to defendants other than Hunt and those who derived through or under him some claim or title to the land conveyed to him.
The defendant Hunt is entitled upon the findings, supported by the evidence, to such relief as will protect his title derived from the deed to him, and that of all persons holding under him, from the lien of the plaintiff’s mortgage.
The judgment should, therefore, be so modified as to *783 adjudge that the complaint be dismissed as to the defendant Hunt, and the two defendants Seibert, and as so modified, affirmed.
Smith, P. J., and Haight, J., concur.