LOUISA P. CHARD AND ANOTHER, ADMINISTRATORS OF RUFUS C. PALMER, DECEASED, APPELLANTS, *v.* HORATIO N. HOLT AND OTHERS, RESPONDENTS.

| 63 | 595 |
| 136a | 30 |

*Estoppel — redemption from a tax sale by a mortgagee — its effect upon a prior sale for taxes — limitation in a notice to redeem.*

In 1872 the title to certain lands was in Amelia Holt, who mortgaged them to Rufus C. Palmer and subsequently died. In 1885 the lands were sold for the taxes due Chautauqua county for the year 1884. Two years later the purchaser, one Wilson, received a certificate of sale, and subsequently a deed from the county treasurer, which was recorded in 1888. In 1887 the lands were again sold for the taxes of 1886 to the same purchaser who received a certificate. He assigned this to Horatio N. Holt, and also quit-claimed the premises to him by a deed recorded in 1888.

Within two years of this latter sale of 1887 the administrators of Palmer, filed a notice with the county treasurer in which they claimed that they were entitled to be served with any notice required by law to be given to a purchaser upon such a sale, and particularly with notice of the sale of 1887.

About a month later, and in December, 1889, Holt filed a notice with the treasurer requiring the administrators to redeem from the sale of 1887, but further stating that a redemption would have no effect upon prior perfected sales. Holt then had notice of the existence of the mortgage, and that its foreclosure had proceeded to judgment. In January, 1890, the administrators, who had no knowledge of the sale of 1885, redeemed the premises from the sale of 1887, and the county treasurer paid the money to Holt, who retained it.

After the sale in foreclosure Holt refused to surrender possession.

In an action of ejectment:

*Held,* that whatever rights Holt acquired, under the sale in 1885, were surrendered by his recognition of the right of the administrators to redeem under the sale of 1887.

That having elected to keep alive the certificate of 1887, and having, with knowledge of their interest in the premises, notified them to redeem, Holt had made his election and could not now alter it.

*Quære,* whether section 82 of chapter 427 of the Laws of 1855 was in force in 1889.

That, inasmuch as it appeared that the administrators did not know until after the entry of the judgment in their action of foreclosure that the property had been sold for the taxes of 1884, their right to a redemption from the effect of that sale, as well as from the sale for the taxes of 1886, was not affected by Holt's statement in his notice that a redemption would have no effect on any prior perfected sales.

That, in view of the facts of payment by the administrators under the notice, and the retention of that payment by Holt, he could not limit his notice in any respect.

APPEAL by the plaintiffs, Louisa P. Chard and George A. Gane, as administrators, with the will annexed, of Rufus C. Palmer, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Chautauqua on the 8th day of April, 1891, dismissing the complaint upon the merits, with separate costs to the defendants, after a trial before the court without a jury at the Chautauqua Circuit.

*Thomas J. McKee,* for the appellants.

*Silas W. Mason* and *S. A. Simons,* for the respondents.

MACOMBER, J. :

The plaintiffs' title to the lands, for the possession of which this action was brought, is derived by them through an action for and a judgment of foreclosure and sale of mortgaged premises, at which sale they, as administrators, became the purchasers.

The title of the principal defendant, Horatio N. Holt, is derived from certificates of tax sales issued to him, one from a tax sale which occurred on the 27th day of October, 1885, and the other November 23, 1887.

The facts in this action, as agreed upon and as found by the court, are briefly as follows : On the 1st day of June, 1872, Amelia Holt, the owner of the premises, executed a mortgage thereon to Rufus C. Palmer. The debt secured by the mortgage having become due and payable, proceedings were taken by these plaintiffs, who are the administrators, with the will annexed, of Rufus C. Palmer, to foreclose the mortgage, and a notice of pendency of such action was filed in the proper county December 4, 1885. Such proceedings were had therein that a judgment of foreclosure and sale was rendered in that action on the 29th day of August, 1889, and a sale of the mortgaged premises was had February 21, 1890, at which sale the plaintiffs, being the highest bidders therefor, purchased the property, and a deed was properly executed to them by the sheriff of Chautauqua county. Having this title, and finding the defendant Horatio N. Holt and others in possession, a demand of possession of this land was made upon them which was refused, and, accordingly, this action to recover the possession of the lands in dispute was begun.

The defense, which prevailed upon the trial, rests upon a tax title in Horatio N. Holt.    These lands were sold for county taxes on the 27th day of October, 1885, on a levy of taxes made in the year 1884, upon an assessment thereon against Amelia Holt, who was at that time the owner.    One T. Charles Wilson became the purchaser at such tax sale, and he received the certificate from the county treasurer of Chautauqua county on the 27th day of October, 1887, and subsequently such county treasurer executed and delivered to him a deed of the premises to which he seemed to be entitled under such sale, which was recorded on the 14th day of May, 1888.

Another sale for like taxes was had under an assessment made in the year 1886, and a sale of the same premises took place on the 23d day of November, 1887, under the direction of the county treasurer, and the same lands were again struck down to T. Charles Wilson, to whom a proper certificate of sale was subsequently delivered.

Wilson, on the 17th day of January, 1888, by an instrument in writing sold and assigned this certificate of sale, and all his rights thereunder, to the defendant Horatio N. Holt; and on the fifteenth day of May, of that year, Wilson quit-claimed the premises to Holt by a deed recorded on that day.    But Wilson had no title to the land, except that derived by him by virtue of the tax sales hereinbefore mentioned.

On the 11th day of November, 1889, and within two years after the sale for the taxes of 1886, the plaintiffs, as such administrators with the will annexed, filed a notice as mortgagees of the premises, which is set out in the case, to the effect that they claimed to be entitled to be served with any notice required by any provision of law by the purchaser or purchasers of the premises at any sale thereof made for taxes, and particularly with a notice required to be given by such purchaser or purchasers at the sale made on the 23d day of November, 1887, for the taxes of 1886.    Thereupon, and on the 17th day of December, 1889, the defendant Holt served on the plaintiffs, and on the same day filed, a notice in the county treasurer's office requiring the plaintiffs to redeem these lands from the tax sale made on the 23d day of November, 1887, for the taxes of 1886.    On the 25th day of January, 1890, the plaintiffs paid to the county treasurer of Chautauqua county the whole amount of these taxes being $358.59; and the treasurer subsequently handed over such

598                    CHARD v. HOLT.

money to the defendant Horatio N. Holt, who received it in pursuance of such notice to redeem, and he has since retained such money as his own. At the time of the service of the notice to redeem this defendant, Horatio N. Holt, had notice of the existence of the above mortgage, and of the fact that there had been a judgment of foreclosure therein, but the sale of the mortgaged premises to the plaintiff was not had until February, 1890, two months later. Upon the payment by the plaintiffs of the above-mentioned sum of money (viz., $358.59) the county treasurer executed and delivered to them a certificate of redemption in due form of law.

Upon these facts the learned justice at the circuit held that the plaintiffs had failed to make a case entitling them to the possession of the premises, and, accordingly, dismissed their complaint. In this conclusion we cannot concur. In our view of the case, whatever rights the defendant, Horatio N. Holt, may have had by virtue of the sale made in the year 1885, such rights were entirely surrendered in the recognition by him of the right which the plaintiffs had to redeem under the tax sale made November 23, 1887, for the unpaid taxes of 1886. Mr. Holt having accepted the money deposited by the plaintiffs with the county treasurer for the redemption of the taxes laid upon these lands in 1886, it would seem to follow, necessarily, that the plaintiffs are subrogated to any and all of Mr. Holt's rights acquired under the tax sale of 1887. Having elected to keep alive the tax-sale certificate of November 23, 1887, and having notified the plaintiffs to redeem from such tax sale, with a knowledge of their interest in the premises, Holt is conclusively charged with the consequences of an election to the plaintiffs, as mortgagees or owners, to redeem, and he cannot now be permitted to recede therefrom. If the defendant relied upon the deed of the 28th of October, 1887, executed in pursuance of the sale of 1885 for the taxes of 1884, it would seem to be hardly less than a fraudulent transaction for him to serve a notice to redeem the lands from the tax laid in 1886. (*Wood* v. *Seely*, 32 N. Y., 105; *Sherman* v. *McKeon*, 38 id., 266.) We agree with the learned counsel for the respondents, that chapter 229 of the Laws of 1879 provides an adequate system for the collection of taxes, and for the sale of lands for unpaid taxes in Chautauqua county, and for the vesting of a fee in the purchaser at such sales.

So far as we are able to observe, notwithstanding section 32 of this act, incorporating the general tax law (chap. 427 of the Laws of 1855), no question relating to the eighty-second section concerning notices to be given in cases of sales of lands for unpaid taxes by the comptroller of the State can arise. By section 1 of chapter 285 of the Laws of 1862, section 82 of chapter 427 of the Laws of 1855 was repealed. By section 1 of chapter 280 of the Laws of 1870 the repealing statute was itself repealed without any provision reviving the repealed section. This eighty-second section was again abrogated by chapter 556 of the Laws of 1890.

The question, as we deem it to be, is, not whether the plaintiffs have conformed to the general tax laws of the State, in so far as they may differ from the statutes for levying and collection of taxes, and the sale of lands thereunder in the county of Chautauqua, but it is rather confined to the precise situation brought about by the invitation, in writing, of the defendant Horatio N. Holt to the plaintiffs to come in and redeem the lands from the tax sale of 1887, with a necessary implication that, if such redemption was had, and the moneys paid to the county treasurer, and he in turn should turn them over to the defendant, that any claim made by the defendant thereafter should be in subordination to the rights acquired by the plaintiffs through such redemption. The plaintiffs themselves were ignorant, in fact, of the sale made in 1885 for the tax of 1884, but had been made acquainted with the sale made in 1887. At the time of the notice served by the defendant Holt to redeem from the last-named sale, the title had not so ripened in the purchaser and his grantee under the sale made in 1885, so that it could not be divested by redemption thereunder, under the general tax laws of the State. But, as we view the case, there is no question touching the rights of the parties under the tax of 1884, which was followed by the sale of 1885. Under the evidence the plaintiffs had a complete title to the premises by virtue of the mortgage foreclosure and sale above mentioned, except as the same might have been divested by reason of their omission to protect the property from taxation.

But it is argued by the learned counsel for the respondents that, inasmuch as the notice of redemption contained a clause to the effect that the same should have no effect upon any previous sales heretofore completed and perfected under the law, that he can still claim

title to the lands by virtue of the sale made in the year 1885, and that the only effect of such redemption was to add to the mortgage security the amount paid for such redemption. But, as it seems to us, this qualification can have no influence upon the general question above considered It does not specify what sales had theretofore been had ; and it is stipulated, as a fact in the case, that the plaintiffs did not hear of the sale made in 1885 until after the entry of their judgment in the foreclosure action. Furthermore, we do not think it was competent for the defendant to qualify or limit the effect of her notice to redeem, provided the same was actually followed by a payment by the plaintiffs of the moneys in pursuance of the notice, and a receipt and retention by the defendant thereof. If this conclusion be not correct, the defendant Holt would be in the attitude of having received money from the plaintiffs to which he was not entitled, and a fraud would be perpetrated under the guise of enforcing the laws of 1879 applicable to the county of Chautauqua.

For this reason we think that the judgment appealed from should be reversed.

DWIGHT, P. J., concurred ; LEWIS, J., not sitting.

Judgment appealed from reversed and a new trial granted, with costs to abide the event.