## MALVINA T. FONDA, Respondent, v. SPARROW S. SAGE et al., Appellants.

To constitute a cloud upon title, it is sufficient that there be a deed, valid upon its face, accompanied with a claim of title, under such circumstances that a court of equity can see that the deed is likely to work mischief to the real owner. It is not necessary in order to maintain an action to remove the cloud and quiet the title, that the claimant should have a *prima facie* record title, which the real owner must call in extrinsic evidence to overthrow.

Plaintiff purchased and paid for certain real estate, directing the vendor to execute to her a deed conveying the same to her, with a proviso therein, that if her son should pay her $200 per year during her life, he should have the property after her death. By mistake, the deed was so drawn as to grant the land to her in trust for her son, upon certain conditions, not being a trust recognized by the statute of uses and trusts. Plaintiff received the deed without examination, and did not discover the mistake for several months thereafter. When she did discover it, with the concurrence of her son, who refused to take under the deed, she returned it to her grantor, when the same was destroyed, and a new deed was executed and delivered to her, conveying the premises in fee; subsequently the premises were levied upon, advertised and sold, under an execution against the son. The purchaser at the sheriff's sale claimed that the son had the title to the premises or an interest therein, which he had purchased, and this he threatened to enforce.

*Held,* that there was not a valid and effectual delivery and acceptance of the first deed, so as to pass the title; that the son had no interest in the premises, and that an action to quiet the title could be maintained.

Even if there was such a delivery, and the mistake could not be corrected without the aid of the court, the plaintiff remained the equitable owner, with rights superior to the purchaser at the sheriff's sale; and with all the necessary parties before it, the court could, in an action brought to quiet the title, establish plaintiff's title under the second deed, and annul any claim of title under the first.

(Argued September 19, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment entered in favor of the plaintiff upon the report of a referee.

The action was brought to remove a cloud upon plaintiff's title to certain real estate in the county of Livingston. It is reported below, in 46 Barb., 109. The material facts as found by the referee are as follows: That the plaintiff agreed with her father, Samuel T. Vary, for the purchase by her of the premises described in the complaint, in September, 1857; that after this agreement and before it was executed, she directed Vary to convey the premises to her, but to insert in the conveyance a clause "to the effect that, providing said Franklin J. Fonda, her son, should pay her the sum of $200 annually during her natural life, then he should have and own said premises after her death;" that plaintiff paid the purchase-money wholly out of her own funds; that subsequently, and in December, 1857, Vary and wife executed and delivered to the plaintiff a deed of the premises, in trust for Franklin J. Fonda, on condition that he should pay her $200 annually during her life, and in case of default the conveyance should become null and void, and "Franklin J. Fonda should forfeit the right and title in and to said premises;" that the plaintiff was ignorant of the contents of this deed, and remained so until July, 1858, at which time Franklin J. Fonda examined it, refused to comply with its conditions, and advised the plaintiff to get from her father another deed.

Thereupon, with the consent of Samuel T. Vary, the deed was returned, canceled and destroyed, and a new deed executed, conveying to her the premises without condition. This deed was recorded in September, 1858. That the first deed was never recorded; that Franklin at the time of its execution was a minor, but when he repudiated it was in his twenty-first year. He never took possession of the premises, or claimed any right therein, nor did he ever pay or offer to pay the $200 annually or any part thereof. He also finds that the defendant, Helen T. Fonda, on the 24th of March, 1862, recovered a judgment against Franklin, which would be a lien upon the premises in question if he was the owner of the land. That defendants caused an execution to be issued, and, claiming that he had an interest in the premises liable to sale, sold the same under the execution; that the defendants claim that by virtue of the first deed by Vary, above referred to, Franklin J. Fonda became and was the owner of the premises, or that he had some interest therein liable to be sold on execution; that upon the sale by the sheriff, the premises were bid off by Sparrow S. Sage, and the sheriff's certificate executed, which was filed and recorded; that on the 14th of August, 1863, the plaintiff requested the defendants to release their claim upon the premises acquired as above, but they refused to do so, and Sparrow S. Sage then insisted that he was entitled to a deed, and should procure one from the sheriff, in consequence of the said sale; that proof of the contents of the first deed can only be made by a few witnesses; that Samuel T. Vary, the most important, is aged and not likely to survive many years (he has since died). Calvin Vary, who drew the deed, and the officer who took the acknowledgments, are both dead. The referee found as conclusions of law: 1st. That the plaintiff is, and ever since the making and delivery of the last above mentioned deed executed by Samuel T. Vary and his wife to her has been, the owner in fee simple of the premises described in the complaint. 2d. That said Franklin J. Fonda has no title to or interest in said premises. 3d. That the sale of said premises by said

sheriff to the said Sparrow S. Sage did not vest in him any title to or interest in said premises; but that such sale and the making and filing the sheriff's certificate thereof, in connection with the fact of the making and delivery and destruction of said first above mentioned deed, and the dispute about its contents, does constitute a cloud upon the plaintiff's title to said premises, and puts her title in jeopardy, and also constitutes a serious obstacle in the way of her selling said premises. 4th. That the plaintiff is entitled to judgment in this action, declaring that the said judgment, so as aforesaid recovered by said Helen T. Fonda against said Franklin J. Fonda, is not, and never has been, a lien upon said premises; that said Franklin J. Fonda did not own said premises or have any interest therein at the time when said judgment was recovered and docketed, or at any time thereafter, but that the plaintiff is the sole owner of said premises in fee simple; that said Sparrow S. Sage did not acquire any title to or interest in said premises by his purchase at said sheriff's sale thereof upon said execution, but that such sale and the certificate thereof, and the filing of such certificate as herein stated, constitute a cloud upon the plaintiff's title and put such title in jeopardy; that such sale and certificate thereof be vacated and set aside; that said sheriff be restrained from making or delivering, and that said Sparrow S. Sage and his assigns be restrained from receiving any deed from said sheriff in pursuance of said sale of the said premises; that said Sparrow S. Sage be enjoined from selling or assigning said certificate of sale, and that the plaintiff be quieted in her said title.

Judgment was entered accordingly.

The appellants filed proper exceptions to the findings and decisions of the referee.

*G. D. Lamont* for appellants. Upon the facts, there is no cloud on plaintiff's title for which a court of equity will grant relief. (*Ward* v. *Dewey*, 16 N. Y., 519; *Cox* v. *Clift*, 2 Comst., 118; *Hotchkiss* v. *Elting*, 36 Barb., 38; *Wood* v. *Seley*, 32 N. Y., 105; *Scott* v. *Onderdonk*, 14 id., 9, 14; *Hey-*

*wood* v. *Buffalo*, id., 534; Willard's Eq., 306.) The law imputes indisputable notice of the contents of a deed to a party in possession under it. (Story's Eq., §§ 399, 400; 5 Johns. Ch., 29.) Parol proof of contents of deed cannot be given where its destruction was voluntary. (*Livingston* v. *Rogers*, 2 Johns. Cas., 488; *Farrar* v. *Farrar*, 4 N. H., 191; 2 Cow. & Hill's Notes, 1216, 1217; *Jackson* v. *Frier*, 16 Johns., 193; 2 Johns. Cas., 488, above cited; Greenl. Ev., § 558.) The material alteration or total destruction of a deed by the grantee will not divest the estate. (*Lewis* v. *Payne*, 8 Cow., 71; *Jackson* v. *Gould*, 7 Wend., 364.) But the party thereby loses all right of action on any covenants contained in it. (2 Stark. Ev., 271; Greenl. Ev., § 558; *Blade* v. *Holland*, 12 Wend., 173; Broom's Leg. Max., 843; Francis' Max. in Eq., 9; *Wardour* v. *Berisford*, 1 Vernon, 452; *Riggs* v. *Taylor*, 9 Wheat., 483; *Remur* v. *Bank of Columbia*, id., 596; 1 Ch. Cases, 293; Francis' Max., 8.) The trust deed vested the title in Franklin. (2 R. S., 153, § 20.) Her possession was as guardian in socage, and for the benefit of her ward. (*Holmes* v. *Seeley*, 17 Wend., 75–78; *Byrne* v. *Van Hoesen*, 5 Johns., 66; *Jackson* v. *De Walts*, 7 id., 157; *McCray* v. *McCray*, 30 Barb., 633; *Sylvester* v. *Ralston*, 31 id., 286.) By the destruction of the deed, the title stands vested in Franklin, freed from the condition. (Story's Eq., § 568; 2 Cow. & Hill's Notes, 1216.) A bill *quia timet* cannot be sustained in a case of this character. (Story's Eq. Jur., chap. 22, treating of bills *quia timet*, chap. 23 of bills of peace; Adams' Doctrine of Equity, 199–209; Willard's Eq. Jur., 328, etc.; Mitford's Pl., 148, and note 1; *M. A. Bap. Ch.*, 26 How., 72; *Armitage* v. *Palmer*, 37 N. Y., 497; *Heyward* v. *City of Buffalo*, 14 id., 537, 540; *Mann* v. *Fairchild*, 2 Keyes, 106; *Bryant* v. *Bryant*, 42 N. Y., 11, 18.) This court can only look at the facts found by the referee. (*Bergen* v. *Wemple*, 31 N. Y., 319; *Johnson* v. *Whitlock*, 13 id., 344; *Smith* v. *Devlin*, 23 id., 365; *Buckingham* v. *Payne*, 36 Barb., 87; *Mosher* v. *Hotchkiss*, 3 Keyes, 161. His findings of fact cannot be reviewed, unless there is no evidence to

sustain them. (*Fellows* v. *Northrop*, 39 N. Y., 119; *Mason* v. *Lord*, 40 id., 484; *Putnam* v. *Hubbell*, 42 id., 112.) The first deed was delivered and accepted as an executed conveyance. (*Brackett* v. *Barney*, 38 N. Y., 333; *Worrell* v. *Munn*, 1 Seld., 229; *Gilbert* v. *N. A. Fire Ins. Co.*, 23 Wend., 45, 46.) The grantor's whole title was divested thereby. (*Van Der Volgen* v. *Yates*, 5 Seld., 219.)

*George F. Danforth* for respondent. The judgment should be sustained to prevent mischief. (*Baker* v. *Shebury*, Cases in Chancery, p. 69, case 70; Freeman's Ch., 183; *Mayor of Colchester* v. *Lowten*, 1 Ves. Bea., 244; *Hayward* v. *Dwinsdale*, 17 Ves., 112; *Jackman* v. *Millan*, 13 id., 587; *Hamilton* v. *Cummings*, 1 Johns. Cas., 517; Story's Eq., § 200; *Scott* v. *Onderdonk*, 14 N. Y., 14; *Ward* v. *Dewey*, 16 id., 522; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 id., 592; *Wood* v. *Seeley*, 32 id., 113.) Defendants' claim itself, and acts under it, constitute such a cloud upon the title as entitles the plaintiff to come into this court on the equity side to anticipate and prevent the defendants' further proceedings. (See cases above cited; also, *Cook* v. *Newman*, 8 How. Pr., 523; *Kimberly* v. *Sells*, 3 Johns. Ch., 467; *Petit* v. *Shepherd*, 5 Paige, 493–501; *Radcliff* v. *Rowley*, 2 Barb. Ch., 23.) Defendants are estopped from saying that the court has not jurisdiction. (*Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Platt*, 4 id., 77; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 529; *Prescott* v. *King*, 6 Seld., 165; *Livingston* v. *Livingston*, 4 Johns. Ch., 287; *Cumming* v. *Mayor*, 11 Paige, 596; *Clarke* v. *Sawyer*, 2 N. Y., 498; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 id., 30; *McKeon* v. *See*, 4 Robt., 449; *Davis* v. *Morris*, 36 N. Y., 569.)

EARL, C. It is claimed by the counsel for the appellants that, upon the facts of this case, an action to remove a cloud upon the title to land cannot be maintained; and this raises the principal question for our consideration.

It is impossible to lay down rules which will cover all the

cases in which a court of equity will interpose its jurisdiction to remove a cloud upon the title to real estate. This jurisdiction does not rest upon any arbitrary rules, but depends upon the facts of each case; and whether it shall be exercised or not, is generally in the discretion of the equity court. There is one rule, however, which is fully settled and now uniformly followed in this State; and that is, if the instrument claimed to constitute the cloud is void upon its face, a court of equity will not interfere to remove it, because such an instrument can work no mischief; and the same is true, although the invalidity does not appear upon the face of the instrument, if it necessarily appears in some one of the links of title which the claimant would have to establish in order to give the instrument force and effect.

A few cases will illustrate the rule. In *Cox* v. *Clift* (2 N. Y., 118), it was held, that inasmuch as a purchaser at a sale by the attorney-general, under a mortgage executed to the people of the State, must claim through the advertisement and the sale, although the deed given in pursuance of such sale should profess to convey land embraced in the mortgage but not included in the advertisement and sale, there was no occasion for the owner of such land to resort to a court of equity to remove the cloud from his title.

There are cases of tax deeds which were an apparent cloud upon title, in which the courts refused to interfere, because it would be necessary for the claimants under the deeds to prove certain preliminaries which would show the deeds to be invalid. But when the statute makes such a deed *prima facie* evidence that a valid assessment has been made, a court of equity will remove it, in a proper case, as a cloud upon title. (*Scott* v. *Onderdonk*, 14 N. Y., 9; *Hatch* v. *City of Buffalo*, 38 id., 276.) In *Ward* v. *Dewey* (16 N. Y., 519) a father died seized of real estate, leaving two children, his heirs-at-law, who became tenants in common of the real estate. One of them executed a mortgage upon the whole real estate, and it was held that this did not create a cloud upon the title of the co-tenant which a court of equity would remove, for

the reason that a claimant under the mortgage title would have to prove the seizin of the father and the descent to the two heirs, and it would thus necessarily appear that the mortgage was only a lien upon an undivided half of the real estate. In *Wood* v. *Seely* (32 N. Y., 105) a testator, by will, authorized his executors to sell his real estate; and in case they did so, the will gave to his widow the use of one-third of the proceeds of such sale. The executors sold the real estate, and the widow accepted and enjoyed the use of the proceeds of such sale for a number of years. Afterward she proceeded to procure the admeasurement of dower in the real estate, and threatened to bring ejectment to recover the same. It was held that she was estopped from setting up any claim to dower in the land in the hands of an innocent grantee who was permitted to receive the title to such land in her presence, with the assurance that her claim to dower therein was extinguished, and that she should be perpetually enjoined from enforcing her claim. It was held that the proceedings on her part, constituted a cloud upon the title to the land, which justified the commencement of an action to quiet the title, for the reason that she could at all times make out her claim to dower by proving the seizin of her husband, his death, and the proceedings for admeasurement.

In the light of these cases, it seems to me quite clear that this is a case where an action to remove a cloud upon title is maintainable. The defendants Sage and Fonda claim that the deed executed in December, 1857, by Vary was in such form, and so delivered as to vest some interest in the land in Franklin J. Fonda, and this interest Sage claims to have purchased at the sheriff's sale, under the execution against him, and he threatens to perfect and enforce his title. His certificate and deed will not be void upon their face. They will be in the usual form and apparently valid. Their invalidity will not necessarily appear in anything which Sage will be obliged to prove in order to assert his title against the plaintiff. To assert his title he would have to prove the execution and delivery of the deed from Vary to the plaintiff, in

trust for Franklin J., and the judgment execution and sale, and, having done so, he would be entitled to recover unless the plaintiff could avoid the effect of that deed by showing that it was destroyed, and a new deed taken, under such circumstances as to leave no interest in the land in her son and to vest the whole title in her. These circumstances are not matters of record but rest in parol, and some of the witnesses to them are dead, and others are aged. Under such circumstances, how can it be said that the deed from the sheriff, with an assertion and claim of title under the deed from Vary, would be entirely harmless? It has never been held that, to constitute a cloud upon title, there must be a title upon record apparently valid. It is sufficient if there be a deed, valid upon its face, accompanied with a claim of title based upon facts showing an apparent title under such circumstances that a court of equity can see that the deed is likely to work mischief to the real owner of the property. In such a case the court will exercise its preventive justice upon the doctrine *quia timet*, and will quiet the title.

The only other question to be considered is whether Franklin J. Fonda, by the deed of December, 1857, acquired any interest in the land which the defendant Sage purchased at the sheriff's sale. The court at General Term held, upon the facts found by the referee, that the deed was never delivered to and accepted by the grantee, so as to divest the grantor of his title. This conclusion was reached by holding that neither the plaintiff nor Franklin J. Fonda had ever really accepted the deed as it was drawn. But I prefer to place the decision of this question upon other grounds. The plaintiff purchased and paid for the land with her own means, and directed Vary to make and execute to her a deed conveying the land to her, with a provision that if her son should pay her $200 per year, during her life, he should have the property after her death. But the deed was so drawn, by mistake, as to grant the land to her in trust for her son upon the conditions found by the referee. When she and her son learned of the contents of the deed, he declined to accept the

same or comply with the condition therein mentioned, and with his assent she took the deed to Vary and informed him of the mistake, and demanded and received a new deed, and canceled and destroyed the first one. This was nearly four years before Helen Y. Fonda recovered her judgment; and although Franklin J. Fonda soon thereafter came of age, he never claimed any interest in the land, and never paid or offered to pay the $200 per year mentioned in the deed. By the payment of the purchase-money, the plaintiff became the equitable owner of the land, and she had the right to dictate who should have the beneficial interest therein, and until her intention had been effectuated so as to vest an interest in her son the title was within her control, and she could give it any direction she chose. When she found that the deed was so drawn by mistake as not to carry out her intention, even if it had gone so far that she could not correct the mistake by destroying the deed and taking another, she could have invoked the aid of the court to cancel and set aside the first deed, and establish her right under the second. Upon all the facts as they appear, she remained at least the equitable owner of the land, with a right superior to that of Sage acquired under the sheriff's sale; hence the court in this suit, with all the necessary parties before it, can establish the plaintiff's title under the second deed, and annul any claim of title under the first deed.

I have, therefore, reached the conclusion that the judgment should be affirmed, with costs.

HUNT, C. Upon the merits of this case I find but little difficulty. The plaintiff purchased the land in question of her father, and paid for it with her own money. By an error of the draftsman, the deed delivered to her conveyed the property to her in trust for her son, upon certain conditions Not being a trust recognized by our statute, it is said that this vested the title in the son. The plaintiff was ignorant of the contents of the deed, and did not make the discovery for several months. When discovered, she returned

the deed to her grantor and demanded that one should be made conveying the title to her, according to the original agreement.  This was with the concurrence of her son, who refused to take under the conditions of the deed as originally drawn.  At this time no person had any claim against the son.  The claim of the defendants against him did not arise until nearly four years thereafter, and none was anticipated at this time.  The original deed was, therefore, destroyed and a new one made, under which the plaintiff has ever since held the property.  The son was at this time under age, but soon reached his majority, and has never since accepted the deed or a title under it.  Under these circumstances, I agree with the learned judge who delivered the opinion of the court below, that the first deed was never so delivered as to transfer the title to the grantee therein named.  There was a delivery, in fact, as found by the judge, but not a valid and effectual delivery, which passed the title.  The deed was not what the grantee understood and expected it to be.  No other rights intervened, and the parties were at liberty to cancel the first deed and to make another, according to the agreement between them.

I have had some doubt whether an action to remove an alleged cloud upon the title could be maintained under the circumstances of this case.  It is argued that such an action can only be sustained where the claimant has a *prima facie* record title, which the real owner must call in extrinsic evidence to overthrow.  If the same record which is relied on to establish the claimant's title will of itself show that he was not such owner, then the action cannot be sustained.  In the case before us there is no record evidence of the original title under which the defendants claim.  To establish a title, they must give parol evidence of the execution and delivery and contents of the first deed.  This they claim to be able to do, and evidence on that point was given by them on the trial of this action.  In such a case, is the owner at liberty to anticipate the controversy, compel a trial and decision when he is prepared to meet it and has his evidence at hand, or must he

wait the motion of the claimant, and be confined to a defence to an action thereafter to be brought, when the claimant is ready and his own witnesses may be scattered or dead ? The court below held that he might anticipate the contest and compel a determination when he was himself prepared to meet the question.

A distinction is sometimes made between controversies involving the title to real estate and those involving only the title to chattels, or a claim of personal responsibility. A claim of the latter class it is supposed will inflict but little injury, while in the former case the value of real estate may be seriously impaired by such a cloud upon the title. Whether courts of equity will interpose to set aside a bill of exchange, promissory note or bond, etc., to which there is perfect defence at law, has been much doubted. (See *Ward* v. *Dewey,* 16 N. Y., 525, SELDEN's opinion.) The fact that there is a perfect defence at law is not regarded as an objection to seeking relief in equity, where the title to real estate is involved. (Id.) The question in such case is, simply, does the claim create a cloud upon the title ? An examination of the cases in the courts of this State sustains the conclusion that a claim like the one made by these defendants does create such a cloud. In other words, it is not necessary, to give jurisdiction, that the claim should be based upon record evidence, which record evidence gives *prima facie* evidence of title in the claimant. It is sufficient that the sheriff's deed to these claimants may be made the source of good title to them, when aided by parol proof of an unrecorded deed to the defendants in the execution. Thus, in *Ward* v. *Dewey* (*supra*), PRATT, J. (p. 523), in discussing the law, puts the case that the purchaser under a mortgage foreclosure should bring an action to obtain possession of the premises. Title, he says, must be proved in the mortgagors. Without proof of such title, there could be no cloud. In the case before him he asserts that such attempted proof would immediately show that there was no title. The defect in the claimant's title would at once appear from such attempt. Hence he

holds, and with him the court, that the action could not be maintained. It is a legitimate conclusion from this reasoning that, if such proof on the part of the claimant would have shown title in the mortgagors, the action to remove the cloud would have lain. Such is the fact in the case now in hand. The claimant's proof showed a title in the son, under whom they claim. In 1858, Mr. Vary executed and delivered a deed, which, in its terms and by law, passed the title to the son. Proof of this would be all that the claimants would require, and all that they would give to make out their title. The subsequent evidence by which an error was established, the deed surrendered and a new one given, would be new matter, to be established by different witnesses, and a distinct, independent defence to be made out by the plaintiff as best she might. In the same case of *Ward* v. *Dewey*, SEL-DEN, J., says (pp. 529, 530), "It is to be inferred from the cases, as well as from the natural import of the term, that anything is a cloud which is calculated to cast doubt or suspicion upon the title, or seriously to embarrass the owner either in maintaining his rights or disposing of the property." The mere existence of a deed, accompanied by no circumstances giving it apparent validity, he says, would not operate as a cloud upon the title. "But (he adds) it may be safely assumed that when such circumstances exist, in connection with a deed, as not only give to it an apparent validity, but will enable the grantor to make out a *prima facie* title under it, a cloud is created. It cannot be necessary, to constitute a cloud, that the conveyance should be sufficient, *per se*, without being connected with any other evidence, to make out a *prima facie* title, because no conveyance, even if valid, could do this." It is always necessary, he says, to show some sort of title in the grantor. Title from the State must be shown, or possession by the grantor. In all such cases, where title is thus made out by additional proof, he holds that a cloud upon the title is created, which justifies the filing a bill to remove it. Although a dissenting opinion, the argument of Judge SELDEN is marked with his usual ability, and

SICKELS—III.     24.

there was no dissent upon the point from which I have quoted.

In *The N. Y. and N. H. R. R. Co.* v. *Schuyler* (17 N. Y., 599), COMSTOCK, J., uses this language: "If the invalidity plainly appears on the face of the writing, so that no lapse of time nor change of circumstances can weaken the means of defence, it is held that no occasion arises for a suit in equity to decree its cancellation. And the doctrine now is that such instruments do not in a just sense even cast a cloud upon the title or interest, or diminish the security of the party against whom the attempt may be made to use them. If, on the other hand, the invalidity does not appear on their face, the jurisdiction is not confined to instruments of any particular kind or class. Whatever their character, if they are capable of being used as a means of vexation and vengeance, if they throw a cloud upon title or disturb the tranquil enjoyment of property, then it is against conscience and equity that they should be kept outstanding, and they ought to be canceled."

In *Scott* v. *Onderdonk* (14 N. Y., 14), after discussing the question generally, DENIO, Ch. J., says: "If, however, the claim is based upon a written instrument which is void upon its face, or which does not in terms apply to the property it is claimed to affect, there seems to be no reason for entertaining a litigation respecting it before it is attempted to be enforced, *for the party apprehending danger has her defence always at hand.* In such a case no action will lie." But in a case like the one before us, the defence is not always at hand. The witnesses may be scattered, the parties may die, and the means of defence depending on the evidence of witnesses be entirely lost. It is plain that the learned judge did not intend to exclude jurisdiction in a case like the present.

In *Crooke* v. *Andrews* (40 N. Y., 547), Judge WOODRUFF excludes jurisdiction in those cases only where the invalidity of the claim "must appear on the face of the very documents or proceedings on which the alleged claimant must rely, and

which he must produce," citing *Hatch* v. *City of Buffalo* (38 N. Y., 276); *Allen* v. *City of Buffalo* (39 id., 386).

In *Wood* v. *Seely* (32 N. Y., 114), the remarks of Comstock, *supra*, are quoted with approbation, and at page 117, Denio, Ch. J., says: " The allegations upon which the equity is based rest upon the oral testimony of witnesses who may die or whose testimony it may hereafter be impracticable to procure. In such cases the party expecting to be challenged may take the initiative by bringing an action in the nature of a bill *quia timet.* (*Scott* v. *Onderdonk*, 14 N. Y., 9.)" The general jurisdiction, to be regulated by circumstances, has been exercised by the courts of this State since the year 1815. (*Hamilton* v. *Cummey*, 1 John. Ch., 517.) The same principles are laid down in Story Eq. Jur., § 694. The party, it is said, is to be relieved *quia timet;* that is, for fear such securities, deeds or other instruments may be vexatiously and injuriously used against him where the evidence to impeach them may be lost, or that they may never throw a cloud or suspicion over her title. While many of the cases in the books lay down the rule in terms limited to the facts in hand, I find no decision which contradicts the principles which I have quoted. I am of the opinion that in the present case the jurisdiction is sustained, and that the judgment should be affirmed.

All concur.

Judgment affirmed.