(10 Misc. Rep. 74.)

### LITCHFIELD et al. v. CITY OF BROOKLYN.

(City Court of Brooklyn, Special Term. September, 1894.)

1. INJUNCTION—AGAINST THREATENED TAX SALE.
　　An injunction may be granted against a threatened tax sale on the ground that the tax is illegal.

2. SAME—TEMPORARY INJUNCTION.
　　A temporary injunction will be granted where plaintiff makes out a prima facie case, and a right to a final injunction need not be shown.

3. TAXATION—RELEASE FROM DEFAULT—LOSS OF PRIVILEGE.
　　The privilege given to taxpayers by the act of 1880 which provides for the payment of certain arrears without interest, except from date of the act, in annual installments, is lost where the payments are not made as provided by the act.

Action by Edward H. Litchfield and others against the city of Brooklyn. Plaintiffs move for preliminary injunction. Granted.

Wm. C. De Witt, for plaintiffs.

Albert G. McDonald, for defendant.

CLEMENT, C. J. It was decided by the learned judge of the United States circuit court, in the actions brought by these plaintiffs against the defendant, that the plaintiffs had no remedy in equity, for the reason that they could pay the taxes in question, and that such payment would be under duress, and, if the taxes were illegal, the money so paid could be recovered by action at law. Whatever may be the rule as laid down by the United States supreme court I am not called upon to consider, for the reason that the question is not federal, and I am bound to follow the decisions of the courts of last resort of this state. The rule is well settled in this state that, where a tax deed is made presumptive evidence, a suit in equity may be maintained to remove the cloud. Judge Earl said, in the case of Fonda v. Sage, 48 N. Y. 173, 179:

"There are cases of tax deeds which were an apparent cloud upon title, in which the courts refused to interfere because it would be necessary for the claimants under the deeds to prove certain preliminaries which would show the deeds to be invalid; but, when the statute makes such a deed prima facie evidence that a valid assessment has been made, a court of equity will remove it, in a proper case, as a cloud upon title."

By chapter 114 of the Laws of 1883 it is provided that the purchaser at the tax sale, after service of the proper notices, and after a certain time, shall have a deed by which he shall take, in fee-simple absolute, a good title to the property sold, of which the deed shall be presumptive evidence. No cloud upon the title of the lands of plaintiffs yet exists, and the authority before cited and kindred ones are not, therefore, in point, except by analogy. But the courts

in this state have gone further, and held that an action in equity will lie, in a proper case, to prevent a threatened cloud. In 1835, Chancellor Walworth said (Pettit v. Shepherd, 5 Paige, 493, 501):

"The jurisdiction of this court to set aside deeds and other legal instruments which are a cloud upon the title to real estate, and to order them to be delivered up and canceled, appears to be now fully established, * * * and if a court of chancery would have jurisdiction to set aside the sheriff's deed which might be given on a sale, and to order the same to be delivered up and canceled, as forming an improper cloud upon the complainant's title to his farm, it seems to follow, as a necessary consequence, that the court may interpose its aid to prevent such a shade from being cast upon the title when the defendant evinces a fixed determination to proceed with the sale."

See, also, Oakley v. Williamsburgh, 6 Paige, 262; Sanders v. Village of Yonkers, 63 N. Y. 489; King v. Townshend, 141 N. Y. 358, 36 N. E. 513.

The plaintiffs are entitled to an injunction pending the suit, provided they make out a prima facie case, and provided they are willing to do what is right and equitable under the circumstances. It is not necessary that they should show an absolute right to a final injunction. If the court is of opinion that the case, even on a single question, requires a more careful consideration than can be given on the hearing of a motion, then the preliminary injunction should issue, and, on a full and fair hearing at the trial, the questions of law and fact may be determined.

On the question of tender made by Mr. Litchfield under the law of 1880, I coincide fully with the opinion of Judge Lacombe. The plaintiffs lost all rights under that act by failure to comply with its provisions. A great privilege was extended thereby to delinquent taxpayers,—a right to pay the amount of the assessed valuation where the arrears exceeded such valuation, and the right to pay arrears in other cases without interest or default, except interest from the date of the passage of the act. A further privilege was offered to the delinquent,—to pay the arrears in five annual installments, with interest on each installment to the date of payment. This privilege as to payment by installments was lost if the delinquent did not pay, within 90 days after the levy, all taxes, assessments, and water rates which should become due on the land in arrears. While Mr. Litchfield made a good tender of the first installment in 1880, no taxes have been paid since, and he thereby, in my opinion, lost all rights under such tender.

It is claimed by the plaintiffs that the board of assessors, in levying a new tax under the act of 1883, determined one amount, and certified to the registrar of arrears, not the amount determined, but a sum in excess. The plaintiffs insist that the assessors, after fixing the amount, delayed their certificate for several months, and then certified a new amount, consisting of the sum fixed, with interest to the date of the certificate. I am not prepared to hold that such action on the part of the assessors would be legal. If plaintiffs' facts are correct, then they should have a trial of the question, and the same should not be disposed of summarily on a motion. When the law provides the method of levying taxes or assessments, it must be followed. Stebbins v. Kay, 123 N. Y. 31, 25 N. E. 207.

The question of law whether the pendency of another action in the United States circuit court between the same parties is a bar to this action is intricate, and should not be decided on a motion, and I do not, therefore, discuss the same.

While I hold that the plaintiffs, on a single question, seem to be entitled to a preliminary injunction, I am clear that the same should be granted only on one condition. The property in question has been advertised for sale for a period of eight years, and no action has been taken by plaintiffs during that period until recently. They have slumbered on their rights, if any they have. The excuse offered in the papers for not moving sooner is puerile. The city cannot sell for taxes which have accrued since 1883 until a sale is made under the act of that year. If the property is sold under such act, the plaintiffs will not be remediless, but can bring actions to set aside said sales. In view of the laches of plaintiffs, an injunction will be granted only on condition that they pay to the registrar of arrears the sum of $250,000 in settlement of taxes, assessments, and defaults, and interest on same, levied since 1883. It is clear, from the papers submitted, that the plaintiffs owe more than that sum for taxes and interest which have accrued since that date, where no question is made as to their validity. The injunctions will issue in the six cases on the condition above stated; otherwise, the motions are denied, with costs.