(36 Misc. Rep. 709.)

## CITY REAL ESTATE CO. v. CLARK et al.

(Supreme Court, Special Term, New York County. January, 1902.)

1. CLOUD ON TITLE—ACTION FOR RELIEF.

The owner of land is entitled to relief from a cloud on title where there is a deed to the property valid on its face, together with a claim of title based on facts showing an apparent title, where the court can see that the apparent title is likely to injure the real owner of the property.

2. SAME—EVIDENCE.

A widow having title by adverse possession to property incorrectly described in a deed to her husband mortgaged it by a correct description, and on foreclosure the mortgagee, in 1879, bought the property and went into possession, but received no deed. The mortgagor in 1885 procured a reformation of the deed, and was adjudged owner of the premises. Afterwards, in the same year, the mortgagee procured an order in the foreclosure action for a delivery of a deed to her on payment of the amount due. In a subsequent action and on this motion it was declared that the mortgagee was not a mere mortgagee in possession. In 1894, while the mortgagee was still in possession, the mortgagor deeded the premises without consideration, to defendant; and the devisee of the mortgagor, in the action for reformation of the original deed, procured an order directing the referee in foreclosure to deliver to such grantee of the mortgagor a deed of the premises. Thereafter the mortgagee, having made the payments required by the order of 1885, received a deed. *Held*, that an action by such mortgagee to quiet title was maintainable.

3. SAME—QUIETING TITLE.

Though a deed from a mortgagor after foreclosure of the mortgage, and while the lands were in actual possession of the mortgagee, who had bought in foreclosure, was void, it was ground for an action to quiet title; it being valid on its face, and extrinsic evidence being necessary to show its invalidity.

Action by the City Real Estate Company against Jessie F. Clark and others to quiet title. Decree for plaintiff.

In 1845 one Alfred Lyon went into possession of the premises southeast corner of Bloomingdale road and 130th street, New York City, under a deed which by mistake only conveyed the southerly portion of said premises, and other premises which it was not intended to convey. In 1870 Hannah Lyon, his widow and devisee, mortgaged said corner premises by

correct description. In 1879 a sale was had on foreclosure, at which the mortgagee bought in the premises, but paid no money, and then obtained no deed. She went into the possession of the premises, however, under an agreement that if the title could be perfected within one year she would take her mortgage debt and give up the premises. From 1879 to 1884 said Hannah Lyon took steps to correct various irregularities in the title previous to the mortgage in question, and in 1885, in a suit to which the mortgagee was not a party, obtained a judgment reforming the description in the aforesaid deed, and purporting to adjudge her to be the owner of the premises. Said mortgagee then made a motion in the foreclosure action for an order directing the referee to deliver a deed to her upon payment of the amount due, and Hannah Lyon opposed this motion, claiming that the mortgagee was only a mortgagee in possession. A judgment directing the referee to deliver to the mortgagee a deed on certain payments being made, was affirmed at general term (Belter v. Lyon, 13 Daly, 422), and in the court of appeals (7 N. E. 821). No deed was then given in pursuance of said order. In 1887 said Hannah Lyon sued to have it adjudged that she was the real owner of the premises, and that the mortgagee was only a mortgagee in possession. Judgment was rendered in this action in 1889, dismissing the complaint. In 1894 Hannah Lyon purported to convey the premises to one Jessie F. Clark, and died shortly thereafter, devising all of her property to her son, Andrew Shields. Shields, on an ex parte application in the reformation suit aforementioned, obtained an order directing the referee to execute and deliver to him a deed of the premises, which deed was accordingly given. Shields subsequently purp rted to mortgage the premises to one Collyer. In 1896 the original mortgagee made the payments directed by the court in 1885, and obtained a deed of the premises, which deed was subsequent in point of time to the deed to Jessie F. Clark from Hannah Lyon, and to the referee's deed to Shields. The original mortgagee, having been at all times in possession of the premises after obtaining her deed, conveyed them to the City Real Estate Company; who brought an action to quiet the title, and to cancel the conflicting deeds as clouds on title.

Reeves, Todd & Swain (Harold Swain, of counsel), for plaintiff.

Frederick De Witt Wells (Herbert L. May, of counsel), for defendant Clark.

LAWRENCE, J. 1. I am of the opinion that this action can be maintained as one to quiet title. In Fonda v. Sage, 48 N. Y. 173, the commission of appeals held that:

"To constitute a cloud upon title, it is sufficient that there be a deed, valid upon its face, accompanied with a claim of title, under such circumstances that a court of equity can see that the deed is likely to work mischief to the real owner. It is not necessary, in order to maintain an action to remove the cloud and quiet the title, that the claimant should have a prima facie record title, which the real owner must call in extrinsic evidence to overthrow."

Tested by this rule, I think that this action is properly brought. To make out a prima facie case in ejectment, the defendant Clark would be required simply to prove the original possession of Hannah Lyon, the decree in the reformation suit, and the deed from her to the defendant. To rebut this case the defendant would be obliged to resort to proof of the facts and circumstances connected with the various litigations between the parties.

2. Assuming the action to have been properly brought, I am of the opinion that Hannah Lyon had a good title to the lots marked "B" and "C" on the diagram put in evidence upon the trial at the time she executed the mortgage to Louisa Belter (now Heintz) by

adverse possession. At the time the mortgage was executed by Mrs. Lyon she and her husband had been in possession for more than 20 years of both parcels of land, claiming under the deed from Callen. The deed of William Callen to Alfred Lyon is dated March 1, 1845, and recorded March 8, 1845. Lyon occupied both parcels under that deed, claiming to be the owner from 1845 up to the time of his death, December 4, 1869; and by his will he devised all his property to Hannah Lyon, his widow, who continued to occupy the premises until Louisa Belter (now Heintz) entered into possession under the sale in the foreclosure suit, May 2, 1879.

3. In the mortgage to Mrs. Belter (now Heintz), executed by Hannah Lyon, the premises B and C are correctly described, and also in the judgment in the foreclosure suit, so that it seems to me that Hannah Lyon was estopped from claiming that Belter's mortgage did not cover both parcels, or that the rights of the latter were affected by the judgment in the suit brought against the heirs at law of Callen. Hannah Lyon could not assert that Mrs. Heintz was a mere mortgagee in possession, for the reason that in the action which had been brought by her to have Heintz so declared, and to obtain an accounting, her complaint was dismissed May 13, 1889, on the merits, and after a full hearing of the parties. Her previous motion to compel Heintz to account as such mortgagee had been decided against her in the foreclosure suit by the special and general terms of the court of common pleas and by the court of appeals; the order on the decision of the latter court having been entered on the 15th day of June, 1886. These decisions had been rendered long before any deed had been executed or delivered in the reformation action. Furthermore, Louisa Heintz was not a party to the so-called reformation action, in which judgment was rendered April 22, 1885,—long after the foreclosure sale by which Mrs. Heintz acquired the right to a deed of the premises in question,—and that right could not be affected by the proceedings of Hannah Lyon against other parties.

4. Conceding that the general principle is that where a mortgage has been foreclosed, containing no covenants of warranty, a title subsequently acquired by the mortgagor will not pass to the purchaser on a foreclosure sale, it seems to me that Hannah Lyon and any subsequent grantee of Hannah Lyon must be held to be estopped, for the reasons above stated, from asserting title under the reformation judgment as against Mrs. Heintz, or the plaintiff as her grantee.

5. At the time that the deed from Hannah Lyon to Mrs. Clark, the defendant, was given, as already shown, it had been adjudicated that Mrs. Heintz was not a mortgagee in possession, and that Hannah Lyon was devested of her title by the judgment in foreclosure and the sale thereunder. See proceedings in common pleas and court of appeals, and also the judgment in the case of Lyon v. Heintz, entered May 13, 1889. Lyon had, then, as against Mrs. Heintz, no title to convey; and the defendant acquired no title against her, or against any person to whom she might convey the property.

6. As the property was in the possession of Louisa Belter (now Heintz), or her tenants, at the time of the delivery of the deed from Lyon to Clark, claiming to be the owner thereof, and adjudicated by the court, as against Hannah Lyon, to be the owner thereof, the conveyance by Lyon to Clark was absolutely void. The statute provides that "every grant of land shall be absolutely void if at the ·time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." 2 Rev. St. p. 1813 (Banks' 9th Ed.) § 147. See, also, Pen. Code, § 129. Inasmuch, however, as the deed from Lyon to Clark was valid upon its face, and the facts showing its invalidity would have to be proved extrinsically, I think this case is one of those in which the rule as stated in Fonda v. Sage, supra, entitles the plaintiff to invoke the interposition of a court of equity.

7. As to the affidavits obtained from Mrs. Heintz, I deem it sufficient to say that, considering the circumstances under which those affidavits were obtained, they should not be allowed to nullify the effect of the judgments already obtained by her, declaring her to be entitled as owner, and not as mortgagee in possession of the property. Furthermore, Mrs. Heintz testified upon the trial that she never stated to Mr. Clark that she was only mortgagee in possession; that she did not think it was ·possible that she so stated. The affidavit was drawn in the absence of the counsel to Mrs. Heintz, and when she did not have the advantage of consulting with those more familiar with legal documents than herself as to the phraseology employed in the affidavit.

8. The general equities of the case are, I think, in favor of the plaintiff. Mrs. Clark, the defendant, has paid nothing whatever for the deed which she obtained from Hannah Lyon; and the mortgage which she executed is still in the possession of her husband, and has never been delivered. She cannot, I think, claim to be a bona fide purchaser for value, particularly as her husband could have ascertained all the facts by going to the counsel either of Mrs. Heintz or of Mrs. Lyon, which he did not do. From all ·the evidence in the case, I think that the plaintiff is entitled to the judgment which is sought for in the complaint, declaring it, as the grantee of Louisa Heintz, to be the true and lawful owner of the premises, and entitled to the continued peaceful possession thereof, and that the defendants, and each of them, have no title, lien, claim, demand, or interest in respect to said premises, and that they, and each of them, and every person claiming under them, be barred from all claim to an estate in said premises, or to any interest therein, and that they be forever enjoined and restrained from asserting or claiming any right, title, lien, or possession of said premises, or any part thereof, and also for the costs and disbursements of this action. Draw decision and judgment in accordance with these views, and settle on two days' notice.

Judgment accordingly.