■ KENNETH PASCAL, Appellant, v GREGG M. BEIGEL, Respondent. [609 NYS2d 72] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated July 29, 1991, as, upon renewal, adhered to its original determination in an order dated November 30, 1990, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a chiropractor, maintained a chiropractic office in Plainview, New York. In March 1983 the plaintiff employed the defendant, who is also a chiropractor. Under the terms of

an employment contract executed by them at the time of the defendant's employment, the defendant agreed that in the event of his termination from employment, he would not establish a competitive business within a seven-mile radius of the plaintiff's office for a period of two years, beginning from the time of termination from employment. The defendant also agreed not to solicit the patients of the plaintiff's practice.

In September or October 1985 the plaintiff sold his practice to a Dr. Steven Schneider, but remained as a consultant, entitled to a share of the profits of the business.

In June 1986 the defendant resigned from the practice and opened his own chiropractic office at his home five blocks away. The defendant had allegedly purchased the home in 1986 and had allegedly built an extension to it and turned it into an office at that time.

The plaintiff commenced the instant action in 1986, seeking, *inter alia,* damages from the defendant for breach of the restrictive covenant contained in the employment contract. As to damages, the plaintiff claimed that in breach of the employment contract, the defendant solicited the patients of his practice and took away 25% of the practice, that based on the defendant's conduct Dr. Schneider defaulted on various note payments, which were part of the purchase price, and that he lost over $180,000. Dr. Schneider subsequently declared bankruptcy and the practice was closed down.

On the defendant's motion, the court dismissed the complaint on the grounds, *inter alia,* that the plaintiff had no standing to maintain the action, since at the time of the alleged breach of the employment contract in 1986, he had no interest in the chiropractic practice to be protected, having sold it to Dr. Schneider in 1985. The plaintiff's motion to renew was granted, but, upon renewal the court adhered to its original determination. The plaintiff's appeal is only from the order made upon renewal.

Contrary to the defendant's contentions, we find that the appeal was timely taken, and suffers from no procedural defect. The plaintiff's motion to renew was based on material which was available at the time of the original motion. However, the court found that the plaintiff had proffered a reasonable excuse for his inability to produce the material on the original motion. Thus, the motion was properly treated as a motion to renew *(see, Harrell v Koppers Co.,* 154 AD2d 340; *Golser v Golser,* 115 AD2d 695), and was thus not subject to the same time limitations as a motion for reargument. The

court did not improvidently exercise its discretion in entertaining the motion *(see, Gillman v O'Connell,* 176 AD2d 305; *Karlin v Bridges,* 172 AD2d 644; *Weaver v State of New York,* 112 AD2d 416). Since the notice of appeal from the order made upon renewal was timely filed, the appeal is not procedurally defective. Moreover, since the order made upon renewal superseded the original order, the appeal from the order made upon renewal necessarily brings up for review the entire record rather than the limited record made upon the motion to renew.

We find, however, that the complaint was properly dismissed. "Restrictive covenants will be enforced if reasonably limited temporally and geographically, and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists" *(Tulchin Assocs. v Vignola,* 186 AD2d 183, 185; *see also, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496). At bar, the plaintiff sold the chiropractic office sought to be protected in 1985, i.e., prior to the defendant's resignation and alleged breach of the restrictive covenant in June 1986. Thus, although the plaintiff was still working out of the chiropractic office and purportedly sharing in the profits of the practice, he was doing so in his capacity as a consultant in an office, which was legally owned by Dr. Schneider. Therefore, the plaintiff had no interest in the business which was protected by the restrictive covenant.

We have considered the plaintiff's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.