■ HENRY M. SMITH, Respondent, v JOHN P. HURLEY, Appellant. [634 NYS2d 334] —Order affirmed without costs. Memorandum: Plaintiff is a podiatrist who began practicing in Dansville, New York in 1985. On January 1, 1990, he and defendant, also a podiatrist, entered into an agreement under which defendant would practice in plaintiff's Dansville office and, in return, would pay plaintiff 50% of all gross fees received. The agreement provided that either party could terminate the association upon 30 days written notice and contained a covenant not to compete that prohibited defendant from practicing podiatry within a 20-mile radius of Wayland or Dansville for $2^{1}/_{2}$ years after the termination of the agreement. On August 31, 1992, plaintiff and another podiatrist, Dr. Barry Fitzgerald, entered into an asset purchase agreement whereby plaintiff sold his practice and assets to Dr. Fitzgerald. The agreement provided that the purchase price would be 33% of the fees generated by Dr. Fitzgerald in the three years immediately after the deal closed, less $3,600. Plaintiff was given the right to treat patients referred to him by Dr. Fitzgerald and the revenue generated from those patients would not be included in determining the purchase price.

By letter dated August 31, 1992, plaintiff's attorney informed defendant of the sale and that defendant was to vacate the office by September 30, 1992. Shortly thereafter, defendant opened an office in Dansville close to plaintiff's office.

Thereafter, plaintiff commenced this action, seeking to enforce the covenant not to compete and to obtain damages for its breach. On May 18, 1994, defendant moved for summary judgment dismissing the causes of action based upon the alleged breach of the covenant not to compete and plaintiff's claim for punitive damages. Supreme Court dismissed plaintiff's claim for punitive damages but denied defendant's motion for summary judgment in all other respects. Defendant appeals from so much of the order of the court as denied his motion for summary judgment dismissing the causes of action based upon defendant's alleged breach of the covenant not to

compete. We affirm. We reject the contention of defendant that plaintiff lacks standing to sue upon the covenant not to compete. " 'Standing' is an element of the larger question of 'justiciability' [citations omitted]. The various tests that have been devised to determine standing are designed to ensure that the party seeking relief has a sufficiently cognizable stake in the outcome so as to 'cast[ ] the dispute "in a form traditionally capable of judicial resolution" ' [citations omitted]" *(Community Bd. 7 v Schaffer,* 84 NY2d 148, 154-155). Plaintiff has such a "cognizable stake in the outcome." His property rights are directly affected by defendant's practice.

The benefit of plaintiff's bargain under the covenant not to compete is the economic advantage plaintiff receives by keeping competitors, including defendant, from practicing in the Dansville area. Defendant's practice of podiatry in breach of the agreement directly affects plaintiff's financial interest because, under the terms of the contract between plaintiff and Dr. Fitzgerald, plaintiff's practice is valued at the end of three years. Thus, defendant's practice in the Dansville area will have an adverse economic impact upon the value plaintiff ultimately receives for the business. Further, plaintiff has the right under the terms of the asset purchase agreement to treat patients and to continue to earn fees for such treatment. Contrary to defendant's contention, it is of no moment that the patients are referred to plaintiff by Dr. Fitzgerald. Plaintiff continues to have an economic benefit from practicing podiatry in Dansville and that benefit is adversely affected by defendant's practice in violation of the covenant not to compete.

All concur except Lawton and Doerr, JJ., who dissent and vote to reverse the order insofar as appealed from in the following Memorandum.

Lawton and Doerr, JJ. (dissenting). We respectfully dissent. Covenants restricting the ability of professionals to practice freely their professions are disfavored based upon the " 'powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood' " *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499, quoting *Purchasing Assocs. v Weitz,* 13 NY2d 267, 272). Although covenants restricting professionals from competing with former employers or associates are permitted, they will be enforced only if they are reasonably necessary to protect "legitimate interests" *(Gelder Med. Group v Webber,* 41 NY2d 680, 683). "Legitimate interests" have been interpreted to mean protection against "unfair competition" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* at 499).

Here, plaintiff has forfeited any right under the parties' agreement to prevent defendant from engaging in "unfair competition" because plaintiff has sold his practice and voluntarily relinquished his right to practice in that geographical area except by the grace and consent of the purchaser. Because plaintiff no longer has the right to practice, there is no longer any need for injunctive relief *(see, Daigle v Texas Intl. Co.,* 109 AD2d 648, 650). Plaintiff, rather than seeking to prevent "unfair competition," seeks to increase the purchase price to be paid to him by his vendee for the sale of his practice. We do not agree with the majority's holding that, because plaintiff as consideration for the sale of his practice elected to receive a commission on fees paid to his vendee, as opposed to a fixed price, he has a legitimate interest sufficient to warrant invoking the drastic remedy of enjoining defendant from practicing his profession. Moreover, by selling his practice, plaintiff no longer has standing to enforce the restrictive covenant. In that regard, this case is indistinguishable from *Pascal v Beigel* (202 AD2d 483). Consequently, we would grant defendant's motion for summary judgment dismissing the first through third causes of action based upon defendant's alleged breach of the covenant not to compete. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.