DiGiacco v Grenell Is. Chapel (2022 NY Slip Op 06576)

DiGiacco v Grenell Is. Chapel

2022 NY Slip Op 06576

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

635 CA 21-00810

[*1]ROBERT DIGIACCO, PLAINTIFF-APPELLANT, AND MARY ANN GRASSI, PLAINTIFF,
v
GRENELL ISLAND CHAPEL, DEFENDANT-RESPONDENT. 

BOUSQUET HOLSTEIN PLLC, SYRACUSE (GREGORY D. ERIKSEN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered May 11, 2021. The order denied the motion of plaintiff Robert DiGiacco for leave to amend the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.
Memorandum: In this action seeking, among other things, to quiet title to real property, Robert DiGiacco (plaintiff) appeals from an order denying his motion for leave to amend the complaint to add causes of action for slander of title and removal of a cloud on title by reformation or cancellation of a deed.
We agree with plaintiff that Supreme Court abused its discretion in denying the motion. "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Uhteg v Kendra, 200 AD3d 1695, 1699 [4th Dept 2021] [internal quotation marks omitted]; see CPLR 3025 [b]). "A court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" (Matter of Clairol Dev., LLC v Village of Spencerport, 100 AD3d 1546, 1546 [4th Dept 2012] [internal quotation marks omitted and emphasis added]; see generally Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1371 [4th Dept 2017]). Here, we conclude that the court erred in denying the motion inasmuch as there was no showing of prejudice arising from the proposed amendments (see generally Greco v Grande, 160 AD3d 1345, 1346 [4th Dept 2018]; Williams v New York Cent. Mut. Fire Ins. Co. [appeal No. 2], 108 AD3d 1112, 1114 [4th Dept 2013]) and the proposed amended complaint adequately asserts causes of action for slander of title (see 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455 [2d Dept 2006]; Fink v Shawangunk Conservancy, Inc., 15 AD3d 754, 756 [3d Dept 2005]; see generally Pelc v Berg, 68 AD3d 1672, 1674 [4th Dept 2009]) and removal of a cloud on title by reformation or cancellation of a deed (see Nurse v Rios, 160 AD3d 888, 888 [2d Dept 2018]; see generally Fonda v Sage, 48 NY 173, 181 [1872]). In making its determination that the proposed causes of action were palpably insufficient, the court improperly looked beyond the face of the proposed pleading to the documents establishing the chain of title to plaintiffs' properties and a 2011 deed from the Trustees of Grenell Island Chapel to defendant.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court